IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | No. 19-282-3 |
| v. | : | |
| | : | |
| YORDI MARTINEZ | : | |
| | : | |

**McHUGH, J.**                                                                                           **May 27, 2020**

## MEMORANDUM

     Defendant Yordi Martinez stands indicted for conspiracy to distribute controlled substances and possession with intent to distribute 400 grams or more of Fentanyl. This Court's Office of Pretrial Services originally recommended home confinement after the posting of a substantial bond, but the Government presented additional information at his initial bail hearing indicating that he had substantial involvement in the conspiracy charged and in fact had spent a significant amount of time in Mexico where the government alleges he was in contact with the trafficking cartel at the heart of this case. Faced with that evidence, Mr. Martinez did not object to being taken into custody. Now, in light of the public health crisis caused by COVID-19, he seeks to be released on bail in order to reside with his mother in an apartment in Brooklyn.

     In his Motion for Release, Defendant cites asthma, hypertension, elevated cholesterol, and a heart murmur as underlying medical conditions that place him at risk for infection in densely populated institutions such as the Federal Detention Center (FDC.) . He did not however supply any supporting medical records, with defense counsel representing that, because of the public health crisis he could not obtain access records located in New York. The Government was then requested to supply Mr. Martinez' medical records from the Federal Detention Center (FDC). Following review of those records, I communicated with counsel for the defense to express doubt that the records formed a medical basis for reconsidering bail.  Accordingly, counsel was instructed to make further inquiry of Mr. Martinez' family and the defendant himself, as to any further support they could offer to establish the existence of a meaningful underlying medical condition. Counsel has now represented that there is no additional information for my consideration. Thus my decision is based upon the content of the pending motion and the records of the FDC.

     With respect to asthma, although intuitively one might assume that a virus that attacks the respiratory system would place asthma sufferers at particular risk, the evidence to date is equivocal.  According to the Centers for Disease Control, asthma patients "may be" at higher risk, and COVID exposure could "possibly" lead to pneumonia or acute respiratory disease. More significantly, however, nothing in the records of the FDC reflects a diagnosis of asthma, let alone Mr. Martinez' need for any ongoing treatment or supportive care.

     Nor is there any documentation of hypertension, or a need for medication to control

blood pressure.

As to hyperlipidemia, there is no research linking it to a particular risk of someone contracting COVID-19. Furthermore, in a person approximately 30 years of age, although elevated cholesterol could have long-term negative implications for health, in the absence of some evidence of current vascular or cardiac impairment, and there is none, such a condition presents no imminent risk.

Finally, as to the existence of a heart murmur, once again there is no documentation of the existence of a murmur nor any documentation that Mr. Martinez suffers from any cardiac deficits or symptoms. In that regard, according to the National Heart Lung and Blood Institute, a division of the National Institutes of Health, a heart murmur does not automatically put a person at risk, and unless it is affecting cardiac function no treatment is required. This, if Mr. Martinez has at some point with diagnosed with a murmur, it does not appear to be medically significant. And as to other conditions reflected in the medical records, none are relevant to the pending motion.

In summary, nothing suggests that Mr. Martinez is at particular risk from COVID-19. As of May 26, 2020, in her weekly report to the Court, counsel for the FDC represented that there are still no positive cases among the inmate population. Mr. Martinez' anxiety is understandable. But considering the seriousness of the offense, and the potential sentence he faces, he has fallen far short of the type of showing that would warrant pretrial release. His motion will therefore be denied without prejudice to resubmission should circumstances change.

/s/ Gerald Austin McHugh
United States District Judge